UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JUSTIN L. ESPINOZA, et al.,

    Plaintiffs,

v.                                                       Civ. No. 16-1369 LH/GJF

TOM HARELL, et al.,

    Defendants.

## ORDER TO CURE DEFICIENCIES

THIS MATTER is before the Court, *sua sponte*. On December 16, 2016, Plaintiffs Justin L. Espinoza and Paul A. Matamoros, proceeding pro se, submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. [Doc. 1] Plaintiffs, who are prisoners incarcerated at the San Juan County Adult Detention Center, contend that they are being deprived of their "1st Amendment right to freely and openly practice [their] chosen religion" of Judaism. [Doc. 1] The Court determines that Plaintiffs' filing is deficient because the complaint is not signed personally by both named plaintiffs and the $400.00 fee has not been paid nor, alternatively, have Plaintiffs each submitted an individual application to proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915. Plaintiffs must cure these deficiencies within thirty (30) days of the date of this order.

It is well established that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). "This is so because the competence of a layman is clearly too limited to allow him to risk the rights others." *Id.* (internal quotation marks and citation omitted).

Therefore, this case will be treated as a multi-plaintiff civil rights action and "[e]very pleading, written motion, and other paper must be signed" by each "party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).  Indeed, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.*

Although the civil rights complaint was signed by Plaintiff Espinoza, it was not signed by Plaintiff Matamoros.  [Doc. 1]  If Plaintiff Matamoros wishes to proceed in this civil rights action, an amended complaint must be submitted that is **signed personally by each named Plaintiff.**  Failure to submit a civil rights complaint signed personally both by Plaintiff Espinoza and Plaintiff Matamoros, within thirty (30) days of the date of this order, may result in the dismissal of Mr. Matamoros's claims without further notice.

The fee for this civil rights action is $400.00.[1]  Plaintiffs have not paid the $400.00 fee, nor have they each submitted an application to proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915.  **Each Plaintiff must qualify for *in forma pauperis* (IFP) status individually**.  Thus, Plaintiffs Espinoza and Matamoros must each file their own signed application to proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915, which includes a financial certificate and a certified copy of the individual Plaintiff's inmate account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action or appeal a judgment in a

---

[1] The $400.00 fee is comprised of a $350.00 filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1914.  "The Prison Litigation Reform Act (PLRA) 'does not specify how fees are to be assessed when multiple prisoners constitute the plaintiffs or appellants.'" *Woodruff v. Wyoming*, 49 F. App'x 199, 203 n.1 (10th Cir. 2002) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997)) (unpublished).  The Tenth Circuit Court of Appeals has not yet decided "whether the PLRA permits multi-plaintiff actions or requires full payment of the filing fee from each inmate in the case of a jointly-filed" action. *Id.*; *Compare Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (holding that "the PLRA requires that each prisoner proceeding IFP pay the full filing fee"), *with In re Prison Litigation Reform Act*, 105 F.3d at 1137-38 (holding that "each prisoner should be proportionally liable for any fees or costs that may be assessed").  The Court need not resolve this issue at this time.

civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."). The Court will not review the merits of Plaintiffs' civil rights complaint unless Plaintiffs comply with this order and the requirements of 28 U.S.C. § 1915.

**Failure to cure the designed deficiencies within thirty (30) days from the date of this order may result in the dismissal of this action without further notice.** All subsequent pleadings or filings must include the civil action number (No. CV 16-01369-LH-GJF) of this case and, with the exception of individual IFP motions, must be signed personally by both named Plaintiffs.

IT IS THEREFORE ORDERED that Plaintiffs cure the deficiencies designated above within thirty (30) days from the date of this Order;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiffs a form § 1983 complaint, with instructions;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send to each named Plaintiff, together with a copy of this Order, 2 copies each of an Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE